### F. A. BITGERT v. THE STATE.

No. 7553. Decided March 14, 1923.

**Failure to Render Aid—Motor Vehicle—State Highway—Insufficiency of the Evidence.**

Where, upon trial of the offense of failure to render aid, when a motor vehicle in passing, struck a little girl and knocked her down, and rendered

her unconscious, the evidence was insufficient to identify the defendant or support the conviction, the judgment must be reversed, and the cause remanded.

Appeal from the District Court of Jefferson. Tried below before the Hon. E. A. McDowell.

Appeal from a conviction of failing to render aid in a collision by an automobile against some children walking the street; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

D. A. Buckett for appellant.

R. G. Storey, Assistant Attorney General for the State.

LATTIMORE, Judge.—Appellant was convicted in the District Court of Jefferson County of the offense of failure to render aid, and his punishment fixed at two years in the penitentiary.

In our view of the case it is not necessary to discuss the various questions reaised save that of the sufficiency of the testimony.

It is made to appear that about March 30, 1922, three girls were walking along in the city of Port Arthur at about 12:30 o'clock. A passing car struck one of the girls, knocked her down and rendered her unconscious. The car did not stop. The young ladies testified. They said they saw two men on the front seat of said car, but they would not undertake to say there was no one else in the car or that appellant was one of the men in it. The number of the car was taken by one of them. This number by correspondence with the State Highway Commission and further investigation was found to be the number upon appellant's car. When arrested appellant admitted the ownership of the car and pointed it out to the officers, and accompanied them to where the young ladies were. Appellant then claimed that he had loaned his car on the date the accident occurred to two traveling sign-painters, friends of his, who wanted to go around in Port Arthur and that they told him they were leaving Port Arthur that night. Appellant himself was accompained by a man named Marshall, the two claiming to be partners and to be traveling sign-painters. Mr. Glover testified for the State that about ten minutes after three o'clock on the day of the accident he saw appellant and another man in a car on what is called the Lake Shore Drive about the eleven hundred block. He said that both men were drunk. On cross-examination Mr. Glover admitted that he had not heard of the accident at the time he saw these men and that they were strangers to him, and that there was nothing particular about them to cause him to remember them. The accident occured on Thursday or Friday and on the following Monday he saw them at the city hall.

This presents the substance of the testimony for the State. In our opinion it is totally insufficient to justify the incarceration of a citizen of this State in the penitentiary.

It is undoubtedly true that the carelessness of many drivers of automobiles upon the city streets as well as country roads causes a deep feeling of resentment toward the action of such car operators, in the mind of the general public. Appellant may have been one of the men in the car; he may be guilty of failing to stop said car and to render aid to the girl when struck, but in the absence of any pretended identification or claim of recognition of him as the operator of said car by either of the young ladies in question, and of the fact that the State depends for its conviction entirely upon the undisputed proposition that he owned said car, and the testimony of Mr. Glover that about three hours after the accident appellant and another man were seen in the car together in the city of Port Arthur, does not seem to us to bring this case within that settled rule which requires us to permit the verdict of a jury to stand if supported by any fair amount of evidence. So believing, the judgment of the trial court is reversed and the cause remanded.

*Reversed & Remanded.*